UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 11 2013
Clerk, U.S. District and
Bankruptcy Courts

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 07-307 |
| KEVIN D. AYERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Before the Court is defendant Kevin D. Ayers's *pro se* Motion [44] to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Defendant's Motion rests on two grounds: ineffective assistance of counsel regarding his decision to plead guilty and an unreasonable sentence in violation of his due process rights. Defendant asks the Court to vacate his plea, or in the alternative, to vacate his sentence. Upon consideration of the Motion [44], the entire record herein, and the applicable law, defendant's Motion will be DENIED.

### I. BACKGROUND

#### A. Defendant's Underlying Offenses

In 2006, police officers arrested defendant after recognizing him as a suspect with an outstanding warrant. Presentence Investigation Report ("PSR") ¶ 11. ECF No. 36, rev. June 26, 2009. Apparently there was a "brief struggle" between defendant and the officers before the arrest. *Id.* During processing at the police station, an inventory of defendant's possessions produced a car key to an Enterprise rental car. *Id.* ¶ 12. The officers located the rental car and, upon peering through the car's windows, saw in plain view a clear plastic bag containing what appeared to be cocaine base. *Id.* ¶ 13. A lab subsequently confirmed that the substance found in

1

the car was 71.5 grams of cocaine base. *Id.* ¶ 14. A search of the Enterprise rental car produced approximately $600 and a driver's license bearing defendant's name. *Id.* ¶ 13.

### B. Procedural History

In 2007, a federal grand jury returned a two-count indictment against defendant, charging him with Unlawful Possession with Intent to Distribute Fifty Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) ("Count One") and Escape from an Officer in violation of 22 DCC § 2601(a)(2) ("Count Two"). *Id.* ¶ 1. In March 2009, defendant pled guilty to Count Two, but no plea agreement was filed at that time. *Id.* ¶ 2. In April 2009, defendant pled guilty to Count One in a written plea agreement in which the parties agreed that a sentence of 84 months imprisonment was appropriate for both Counts One and Two. *Id.* ¶¶ 5–9; Plea Agreement ¶ 3, ECF No. 30, Apr. 14, 2009.

Under the U.S. Sentencing Guidelines, the applicable guideline range for Count Two was 5 to 20 months. *Id.* ¶ 73. The applicable guideline sentencing range for the crack cocaine offense would have been 120 to 150 months (total offense level 27, criminal history category V). *Id.* ¶¶ 72. On July 31, 2009, defendant was sentenced according to the plea agreement by the Honorable Henry H. Kennedy, Jr. to 84 months imprisonment (an 84-month sentence for Count One and a 60-month concurrent sentence for Count Two). Am. J. & Commitment Order 1–2, ECF No. 42, Aug. 7, 2009. Defendant filed a timely § 2255 Motion on August 17, 2010. Def.'s M., ECF No. 44, Aug. 17, 2010; *see* Fed. R. App. P. 4(b), 26(a)(2).

## II. LEGAL STANDARD

### A. Section 2255 Motion

A motion under 18 U.S.C. § 2255 allows federal prisoners to collaterally attack an otherwise final sentence if the sentence was (1) imposed in violation of the Constitution or laws

of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a). The petitioner bears the burden of proof under § 2255 and must demonstrate his right to relief by a preponderance of the evidence. *United States v. Pollard*, 602 F. Supp. 2d 165, 168 (D.D.C. 2009). Relief under § 2255 is an extraordinary remedy in light of society's legitimate interest in the finality of judgments. *United States v. Zakas*, 793 F. Supp. 2d 77, 79–80 (D.D.C. 2011). Indeed, "[t]o obtain collateral relief[,] a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). A district court may deny a § 2255 motion without a hearing when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996). Finally, claims not raised on direct appeal may generally not be raised on collateral review. *Massaro v. United States*, 538 U.S. 500, 504 (2003). The claim may be raised on collateral review only if the defendant can first demonstrate either that he is "actually innocent," *United States v. Pettigrew*, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (citations omitted), or that there is both sufficient "cause" excusing his double procedural default and "actual prejudice" resulting from the errors of which he complains, *United States v. Frady*, 456 U.S. 152, 167–68 (1982).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a defendant must satisfy a two-part test that requires proof of both incompetence and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). To prove incompetence, a defendant must demonstrate that his attorney's errors were "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."

*Strickland*, 466 U.S. at 687. That is, a defendant must establish that "counsel's representation fell below an objective standard of reasonableness" and that "counsel's conduct so undermined the proper functioning of the judicial process that the [process] cannot be relied on as having produced a just result." *Id.* at 686–88. However, a court should not analyze counsel's actions retrospectively but must, instead, evaluate counsel's performance on the basis of how he or she would have viewed the case at the time, without the benefit of hindsight. *Id.* at 689. The court's assessment of counsel's performance must also be comprehensive rather than limited to a particular act or omission. *Morrison*, 477 U.S. at 386. Finally, the reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, a defendant must affirmatively prove prejudice that is "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. To meet this standard, a defendant must show that "but for trial counsel's error[,] there is a reasonable probability that the defendant would have been found not guilty." *Id.* at 694 In the context of a guilty plea, a defendant must prove prejudice by showing that "there is a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *United States v. Loughery*, 908 F.2d 1014, 1018 (D.C. Cir. 1990) (quoting *Strickland*, 466 U.S. at 694). The defendant "must shoulder the burden of showing, not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Frady*, 456 U.S. at 170.

A failure to make the required showing on either prong defeats a defendant's ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 700.

## III. DISCUSSION

### A. Due Process Violation: Unreasonable Sentence

Defendant argues that his sentence was "unreasonable" and a violation of his "right to due process of law" because his sentence was "[ba]sed largely upon the discrepancy, both in the [U.S.] Sentencing Guidelines and . . . 21 U.S.C. [§] 841, between crack and p[o]wder cocaine." Def.'s M. 6. However, defendant did not raise this claim at sentencing or on direct review, Def.'s M. 7, 11, and is thus barred from bringing the claim on collateral review unless defendant can show the requisite "actual innocence," *Pettigrew*, 346 F.3d at 1144, or "cause and actual prejudice," *Frady*, 456 U.S. at 167–68. Defendant does not claim actual innocence, and the only "cause" defendant offers for not raising the claim at sentencing or on direct appeal is that "[t]he issue was not preserved for appellate review, as no objection was made regarding this issue at sentencing." Def.'s M. 11. Such a reason does not show why defendant's double procedural default should be "excused," *Pettigrew*, 346 F.3d at 1144, but merely observes that a procedural default occurred. Thus, defendant fails to show the requisite cause. Defendant also makes no claims of prejudice. Because a petitioner must prove *both* cause and prejudice, and because defendant has failed to prove either, the Court cannot consider defendant's collateral claim challenging the reasonableness of his sentence. *See Pettigrew*, 346 F.3d at 1144; *Frady*, 456 U.S. at 167–68.

### B. Ineffective Assistance

Defendant also did not raise his claim of ineffective assistance of counsel on direct appeal. Def.'s M. 5, 11. However, ineffective assistance of counsel claims are not subject to

5

procedural default and may be advanced in a collateral proceeding under a timely § 2255 motion "whether or not the petitioner could have raised the claim on direct appeal." *Massaro*, 538 U.S. at 504. Thus, the Court considers defendant's ineffective assistance claim.

Defendant claims that his counsel was ineffective because she "failed to conduct [an] adequate investigation, causing [defendant] to enter a plea unaware of viable alternatives," such as "viable challenges to the government's proposed sentence." Def.'s M. 5. Defendant notes that, "[s]pecifically, counsel agreed to an unsupported drug amount" and failed to object to defendant's sentence on the grounds that it was based upon a discrepancy between crack and powder cocaine. *Id.* Defendant offers no further evidence in support of his ineffective assistance claim. To prevail, defendant must prove both incompetence and prejudice. *Strickland*, 466 U.S. at 687–88.

Defendant does not explain what his counsel should have investigated, nor does defendant state what "viable alternatives" existed that would have been more beneficial to defendant than his plea agreement, which awarded defendant a sentence (84 months) well below his recommended guideline sentence (120 to 150 months). Defendant's claim that the drug amount in the plea agreement ("more than 50 grams but less than 150 grams"), PSR ¶ 2, was "unsupported" is meritless. Plea Agreement ¶ 2. Defendant signed the Government's proffer of facts, agreeing that the facts were "true and accurate," including the fact that 71.5 grams of cocaine base were attributable to defendant. Gov't's Proffer of Facts 2, 4, ECF No. 31, Apr. 4, 2009. Finally, defendant fails to prove that counsel was incompetent or that he was prejudiced by counsel's decision to not challenge his sentence on crack/powder discrepancy grounds.

First, defendant's counsel was not incompetent for failing to object to defendant's 84-month sentence, as that sentence was well below the applicable guideline sentencing range (120–

150 months) to which defendant would have otherwise been subject and, therefore, of great benefit to defendant. Further, the guideline sentencing range—and not the lesser sentence under the plea agreement—would have been the only possible source of the crack/powder cocaine disparity of which defendants complains. Because the sentencing court did not base defendant's sentence on the applicable guideline range but, rather, on the plea agreement's suggested 84-month sentence, the crack/powder disparity issue is not even implicated in defendant's situation. Defendant's counsel was therefore not incompetent for objecting to the 84-month sentence on that, or any other, ground.

Defendant also fails to show how his counsel's decision prejudiced him in any way because, even under the current and amended Sentencing Guidelines that have remedied the crack/powder disparity, defendant's applicable guideline range for 71.5 grams of cocaine base and a criminal history category of V would be 110–137 months imprisonment—a range still higher than the 84-month sentence that defendant received. *See* U.S. Sentencing Guidelines §§ 2D1.1, 5A (2012). Thus, because defendant's 84-month sentence is still well below even his now-applicable sentencing range, any possibility of prejudice caused by his counsel's decision not to object to defendant's 84-month sentence is nullified. *See cf. United States v. Watson*, No. 00-cr-313-05, 2010 WL 3239210, at *5 (E.D. Pa. Aug. 12, 2010) (rejecting defendant's ineffective assistance of counsel claim due to lack of prejudice because defendant would have received the same sentence regardless of the discrepancy).

Finally, defendant has failed to establish the requisite prejudice under *Strickland* in a more general sense for several reasons. First, the plea agreement benefited defendant by ultimately resulting in a sentence lower than the sentence to which defendant would otherwise have been exposed. *See United States v. Felder*, 563 F. Supp. 2d 160, 166–67 (D.D.C. 2008)

(holding that, even if defense counsel had provided deficient advice about the guilty plea, defendant was not prejudiced because defendant faced a potentially longer sentence as well as additional charges that were dropped under the agreement if he had not pled guilty). Second, defendant has not claimed that he would not have pled guilty in the absence of counsel's alleged incompetence, which is a prerequisite to a successful post-plea § 2255 motion. *See United States v. Zaia*, 751 F. Supp. 2d 132, 142 (D.D.C. 2010) ("Critically . . . [the defendant] has not demonstrated that but for counsel error, she would not have pleaded guilty"). Third, defendant admitted he was guilty of the charged offenses in the plea agreement and voluntarily and knowingly agreed to the plea deal—facts that preclude the requisite level of prejudice. *See Mansfield v. United States*, 800 F. Supp. 2d 84, 90 (D.D.C. 2011) (finding that because defendant admitted her guilt and knowingly entered into the plea agreement, defendant could not establish that she was prejudiced by counsel's alleged incompetence); Plea Agreement 1, 6.

Because defendant fails to prove both incompetence and prejudice, his ineffective assistance claim fails. Accordingly, defendant's Motion does not require a hearing because the record conclusively shows that defendant is not entitled to relief. *See Morrison*, 98 F.3d at 625.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability before pursuing any appeal from a final order in § 2255 proceeding. *See* 28 U.S.C. § 2255(c)(1)(B). When the denial of a § 2255 motion is based on the merits of the claims in the motion, a district court should issue a certificate of appealability only when the appeal presents a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2). The petitioner is required to show that reasonable jurists could debate whether the issues should have been resolved differently or are "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483

(2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983), *superseded on other grounds by* 28 U.S.C. § 2253(c)(2)); *see also Mendez v. Knowles*, 556 F.3d 757, 771 (9th Cir. 2009). Furthermore, the Supreme Court has stated:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484. Such a showing can be made when precedent clearly demonstrates that courts have come to divergent conclusions based on analogous facts. Because defendant has not made a substantial showing of the denial of a constitutional right, and because the Court finds that reasonable jurists would not debate the denial of petitioner's motion, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

Defendant has failed to show the requisite incompetence and prejudice under *Strickland* for his ineffective assistance claim, and defendant's due process claim is procedurally barred. Thus, defendant's Motion is DENIED.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on April 10, 2013.