**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 07-cr-00307 (RCL) |
| | ) | |
| **KEVIN D. AYERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO FIRST STEP ACT MOTION**

Mr. Kevin D. Ayers, through undersigned counsel, respectfully submits this reply to the government's opposition ("Gov't Opp."), ECF No. 61, to Mr. Ayers's First Step Act motion ("Mot."), ECF No. 56. The government agrees that Mr. Ayers is eligible for a reduced sentence under the First Step Act and agrees that his revised range is 77 to 96 months of imprisonment, but opposes any reduction. Mr. Ayers respectfully disagrees: he is both eligible *and* deserving of a reduced sentence under the First Step Act. He proposes two ways that this Court could structure that relief.

*First*, Mr. Ayers's initial motion assumed that his sentence would be consecutive to the sentences he is now serving in two D.C. Superior Court cases, 2008 CF3 019074 and 2008 CF2 004828. But the same reasons supporting a below-range sentence also support a concurrent sentence, and therefore, rather than impose a consecutive sentence, this Court could simply re-impose the same sentence of 84 months, or even a sentence up to time-served, and run it concurrent with the D.C. Superior Court sentences. Since Mr. Ayers's original sentencing in this case, the Supreme Court has made clear that courts "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences . . . that have been imposed in other proceedings, including state proceedings." *Setser v. United*

*States*, 566 U.S. 231, 236 (2012); *see also* U.S.S.G. § 5G1.3(d) (p.s.).  Therefore, should this Court be inclined toward a within-range sentence, it could impose a sentence of 84 months, up to time-served, and run this sentence concurrently with the sentences imposed in his D.C. Superior Court cases.

*Second*, if the Court wishes to impose a consecutive sentence, it should exercise its discretion to go below the range and impose a sentence of 60 months on Count 1s.  Courts clearly have the power to vary below the recommended Guidelines range in First Step Act cases. *See, e.g., United States v. Stone,* 2019 WL 2475750 (N.D. Ohio June 13, 2019) (varying below guidelines range of life to impose sentence of 30 years); Opinion and Order, *United States v. Pride*, No. 8-24 (W.D. Va. June 11, 2019), ECF No. 3731 (imposing sentence of 240 months where range was 360 months to life imprisonment); *United States v. Biggs*, 2019 WL 2120226 (N.D. Ill. May 15, 2019) (imposing sentence of 180 months (time-served) where range was 360 months to life imprisonment and sentence had been commuted to 262 months); *United States v. Stanback*, 2019 WL 1976445 (W.D. Va. May 2, 2019) (varying below 188 to 235 month range to impose sentence of 141 months for drug charge); *United States v. Laguerre*, 2019 WL 861417 (W.D. Va. Feb. 22, 2019) (varying below range of 292 to 365 months to impose sentence of 196 months or not less than time-served); *United States v. Ancrum*, 2019 WL 2110589 (W.D. Va. May 14, 2019) (varying below range of 360 to life to impose sentence of 240 months); *United States v. Copeland*, 2019 WL 2090699 (W.D. Va. May 13, 2019) (varying below range of 151 to 188 months to impose sentence of 116 months); *United States v. Brown*, 2019 WL 1895090 (D. Minn. Apr. 29, 2019) (varying below range of 188 to 235 months to impose sentence of time-served, or about 11.5 years); *United States v. Pierre*, 2019 WL 1495123 (D.R.I. Apr. 5, 2019) (varying below career offender range of 188 to 235 months to impose sentence of time-served, or

approximately 144 months); *United States v. Wood*, 2019 WL 1510005 (W.D. Va. Apr. 5, 2019) (imposing 129-month sentence, below range of 151 to 188 months); *United States v. Powell*, 360 F. Supp. 3d. 134 (N.D.N.Y. 2019) (varying below range of 360 to life to time-served, or approximately 203 months); *United States v. Hall*, 2019 WL 1212108 (W.D. Va. Mar. 14, 2019) (varying below range of 151 to 188 months to impose sentence of 116 months but not less than time-served). This Court should do the same and reduce Mr. Ayers's sentence to 60 months of imprisonment.

Mr. Ayers expresses remorse for his most recent disciplinary issues. Unfortunately, such incidents are all too common in United States penitentiaries (USPs), compared to their federal correctional institution counterparts (FCIs). Yet despite this environment, Mr. Ayers has shown his growth in other ways: Mr. Ayers has worked steadily, including presently as a compound orderly and previously in a UNICOR sewing program. He has also taken multiple classes in prison and has his GED, both of which are strongly correlated with a decrease in recidivism. *See* Ex. A, K. Ayers Educ. Data & Computation. Thus, a variance is appropriate in this case for these reasons, as well as because the Court imposed a 30% variance at his original sentencing. To do so today would result in a sentence of 54 months, and thus a below-range sentence of 60 months of imprisonment is more than the proportional decrease that he originally received.

Mr. Ayers is eligible for First Step Act relief and this Court should exercise its discretion to provide such relief. This relief can be structured in one of the two ways listed above,[1] while a supervised release term of 3 years should be imposed in either case. Each option would

---

[1] At the very least, Mr. Ayers should receive a reduced sentence of 77 months, which is the bottom of the revised range. None of the factors identified by the government suggests that a sentence higher than 77 months is necessary to comply with the purposes of sentencing.

appropriately reflect the First Step Act's concern with the overly harsh sentences imposed on crack cocaine defendants.

Finally, Mr. Ayers would waive his right to a hearing and presence for resentencing if the Court imposes a sentence as requested above, because such a hearing would delay his release. Alternatively, because Mr. Ayers is eligible for relief, he respectfully requests that this Court hold a hearing before denying the motion in its discretion or imposing a sentence different from that requested above, so that he may appear and provide further proof that relief is indeed warranted. It may be possible for Mr. Ayers to appear by video or phone conferencing depending upon the capabilities of his prison facility.

    Respectfully submitted,

    A.J. KRAMER
    FEDERAL PUBLIC DEFENDER

        /s/
    _____
    JOANNA MUNSON PERALES
    Research & Writing Specialist
    625 Indiana Ave. NW, Ste. 550
    Washington, D.C. 20004
    (202) 208-7500